## GROSS *v.* THE STATE.

Indictment for murder. The defendant was put on his trial two days after the finding of the indictment. He moved for a continuance on his affidavit filed, which recited that he was informed and believed that a witness would be produced to prove that the defendant made certain admissions of his guilt. The affidavit further stated that the admissions made were induced both by raising his hopes and exciting his fears, if he should or should not confess; that he expected to prove by *W.*, who was present when the admissions were made, that, to induce him to confess, witness told defendant that unless he confessed he would, in half an hour, be tried and hung; but if he did confess, it would be better for him, and he might be cleared; that he could prove these facts by no other person; that the witness denied having held out the inducements; that the admissions were first made, and would not have been made but for such inducements; that *W.* had been subpoenaed, but was unable to attend on account of illness, and that his attendance could be procured at the next term; that the affidavit was not made for delay, &c. The motion was overruled. *Held*, that the continuance should have been granted.

ERROR to the *Clark* Circuit Court.

SMITH, J.—The plaintiff in error was indicted on the 7th of *March*, 1850, for murder. He was arraigned upon the 9th of the same month; and, upon pleading not guilty, was forthwith put upon his trial. On the same day, last mentioned, he was found guilty, and sentenced to be executed.

It appears, by a bill of exceptions, that the prisoner applied to the Court for a continuance, on the following affidavit:

"*William Gross*, the defendant in this cause, makes oath that he is informed and believes that the prosecuting attorney intends to produce, as a witness against this affiant, one *John C. Stewart*, for the purpose of proving that this affiant made certain admissions of his guilt with respect to the crime with which he is charged in the indictment. This affiant further says that such admissions as he did make to said *Stewart* were induced both by raising the hopes of this affiant if he should confess his guilt, and by exciting his fears, if he should not confess. That he expects to prove by one *Andrew Wanchop*, who was present when this affiant made the admissions alluded to, that, to induce him to confess, said *Stewart* told this affiant that he would, in about half an hour, be taken out of jail, be tried, and probably be hung, unless he confessed his guilt; but if he did so confess, it would be better for him, and he might be cleared. This affiant knows of no other person by whom he can prove the same facts. That, as he is informed and believes, said *Stewart* denies having held out inducements for him to confess; and there was no one person who was present during all the conversation between this affiant and the said *Stewart* but themselves. The confessions made to said *Stewart* were the first admissions made by this affiant, in respect to the charge made against him in this cause, and would not have been made but for the inducements aforesaid. That said *Andrew Wanchop* has been subpœnaed to attend as a witness in this cause, but is unable, from illness, to attend Court. This affiant expects to procure the attendance of said *Wanchop* at the next term of this Court. That this affidavit is not made for delay, but for justice," &c.

The motion for a continuance, founded on the above affidavit, was overruled, and the trial was ordered to proceed.

By a second bill of exceptions it appears that *John C. Stewart* was examined as a witness for the state, and, being about to testify to admissions of guilt supposed to have been made by the prisoner, and having denied that, to

induce such admissions he either excited the hope or fear of the prisoner by promises or threats, the prisoner, by his counsel, offered a witness to prove that said *Stewart* did, to induce him to confess, assure him that it would be better for him if he confessed, and worse for him if he did not. To this evidence so offered by the prisoner, the state objected until the evidence of the state should be submitted, and the evidence on the part of the prisoner should be introduced in its appropriate order; which objection the Court sustained, and said they would instruct the jury to disregard the evidence of such confessions unless it appeared to the Court and jury that they were voluntarily made. The Court then suffered said *Stewart* to testify to confessions of guilt made by the prisoner.

May Term, 1850.

GROSS
v.
THE STATE.

The counsel for the plaintiff in error contends that the Circuit Court erred in refusing the continuance applied for, and in permitting the evidence of confessions made by the prisoner to go to the jury without first determining the question of their admissibility.

It is a well known rule that confessions, in criminal cases, are not receivable in evidence unless they were voluntarily made, and that, when the prisoner has been induced to make them by representations from third persons that his punishment would be lighter if he did confess, or more rigorous if he did not, they should be rejected. This rule has some qualifications, however, which will be noticed presently.

In most of the reported cases the question, whether the confessions were voluntary or not, has arisen upon the examination of the person to whom they were made when called as a witness for the prosecution. Upon such a witness being interrogated, whether he had or had not held out inducements or made threats before receiving the confession, the judges have usually decided whether the confessions should be received as competent testimony; though, if admitted as competent, the prisoner would not be precluded from the right of impeaching the credibility of the witness testifying to them, as in other cases, or from giving in evidence the circumstances under which

they were made with the view of modifying the effect they would be calculated to have upon the minds of the jury. *Commonwealth* v. *Knapp*, 10 Pick. 477.— *The State* v. *Riley*, 1 Stro. S. C. R. 155, 378.—1 Greenl. Ev. s. 218.

In the present case we do not know what other evidence, if any, was given of the prisoner's guilt. It must, therefore, be presumed that his confessions, testified to by the witness, *Stewart*, had a material influence upon the result of the trial, and if he could have shown by the witness who was absent that they ought not to have been received, or that, in consequence of the circumstances under which they were made, they should have had less influence upon the minds of the jury, he should not have been forced into a trial without affording him reasonable time and opportunity to do so.

The atrocity of the crime with which a prisoner stands charged, affords no reason for depriving him of his right to produce such evidence as he may be able to procure on his own behalf, and to demand that he shall be convicted only upon legal evidence adduced by the prosecution. On the contrary, the awful situation of a prisoner indicted for the commission of an enormous crime, renders it the more essential that every proceeding calculated to deprive him of any means of defence to which he is legally entitled, should be scrupulously avoided, and that he should be afforded ample time and opportunity to prepare for his trial.

The right of the prisoner, in this case, to have sufficient time to procure the evidence desired by him as stated in his affidavit, cannot be affected by the question, whether such evidence should be heard by the Court with the view of determining upon the competency of the confessions proposed to be proved, or by the jury to enable them to form a proper estimate of the weight which should be given to the confessions, and of the credibility of the witness for the prosecution. In either view such testimony would be important to the prisoner.

The counsel for the state, to sustain the decision of the Circuit Court overruling the motion for a continuance, re-

lies, mainly, upon the ground that the affidavit should have shown that *Stewart* was a person *in authority*, to raise the presumption that promises or threats made by him influenced the prisoner to confess.

It seems to be settled by the *English* cases, that if inducements were held out by the prosecutor, or by his wife, the prisoner having been his servant, or by an officer having the prisoner in custody, or by a magistrate or any other person having authority over him or over the prosecution, or by a private person in presence of one thus invested with authority, the confession will be deemed to have been improperly procured, and will be rejected. But there is a conflict of authorities as to whether a confession made upon inducements held out by a person having *no authority*, is admissible. The text-books cite the seve ral cases in which this question has been mooted, and leave it still open. 1 Greenl. Ev. s. 223.—2 Russ. on Crimes, 645.—Ros. Cr. Ev. 47.—Cow. & Hill's Notes to Phil. Ev. p. 225, Part 1, Note 205.

In *Dunn's* case, 4 C. & P. 543, it was ruled that *any* person telling the prisoner it would be better for him to confess, would always exclude a confession made to that person, and several previous cases to that effect were cited. Afterwards, in *Spencer's* case, 7 C. & P. 776, the statement of a person, not in any authority, who had told the prisoner it would be better for him to confess, was received, but *Parke*, B., told the prosecutor there was a difference of opinion among the judges, whether a confession made to a person who has no authority, after an inducement held out by that person, is receivable, and the point was reserved. In *Taylor's* case, 8 C. & P. 733, the prosecution offered to prove a confession, made to a Mr. *Winders* in presence of the wife of the prosecutor, whose servant the prisoner was, Mr. *Winders* having told the prisoner it would be better for her to confess. The statement was rejected, because the wife of the prosecutor expressed no dissent, and she was held to have sanctioned the inducement held out by *Winders;* but *Patter-*

*son*, J., said it was the opinion of the judges that evidence of any confession is receivable, unless there has been an inducement held out by some person in authority.

These were all *Nisi Prius* cases. We have seen no case occurring either in *England* or in this country in which the distinction alluded to can be considered as definitely established. It is based upon the supposition that a promise made by an indifferent person, officiously interfering without any kind of authority, and without the means of performing his promise, cannot be deemed sufficient to produce any effect, even on the weakest mind, as an inducement to confess. But we cannot, satisfactorily, adopt this supposition and take it for granted that the promises or threats of police officers, jailers, and others thus classed as persons *in authority*, would, in all cases, have most influence on the mind of the prisoner. Their official station gives them no authority to promise a mitigation of punishment, or to threaten the prisoner with a more rigorous prosecution if he should or should not confess, and supposing the prisoner to be always capable of placing a proper estimate on the ability of different persons to realize inducements held out by them, or to give him correct information of the advantages he would derive from making a confession, it might often happen that the representations of private persons would be more worthy of his confidence than those of the persons thus said to be "*in authority*."

The principal reason for the great caution exercised in receiving confessions made upon inducements held out is the fear that they may be untrue, and we do not think the distinction alluded to is calculated to afford very material aid in removing that apprehension. It is easy to conceive that a prisoner would be as likely to make a false confession upon incorrect representations made by a person without any kind of authority, if he was really impressed with the belief that they were correct, as if the person making them had some authority and they were, in fact, reliable. The satisfactory solution of the ques-

tion, whether the confession was voluntary or not, must depend on the state of the prisoner's mind, his age, character, and all the attendant circumstances.

The distinction we have been considering seems, however, to have been made solely with reference to the question of competency. It has never been intimated that if a confession made to a private person is admissible as competent testimony, the prisoner would not still be permitted to prove that such person had exercised an improper influence upon his mind in obtaining it, with the view of satisfying the jury as to the weight they should give to the evidence adduced by the prosecution. To this extent, at least, we think there are no sufficient reasons for the distinction, and that is all it is necessary to determine in this case, for if the evidence the prisoner desired to have was important to him either on the investigation of the question of competency by the Court, or on the trial of the issue by the jury, the reasons are equally strong for granting him sufficient time to obtain it.

Upon the whole, from the facts as they appear upon the record before us, and we have given some weight to the consideration that the prisoner was put upon his trial two days after the finding of the indictment, we think the Circuit Court should have granted the continuance applied for by him, to enable him to obtain the evidence mentioned in his affidavit, or sufficient time should have been given him for that purpose. It is shown, by the second bill of exceptions, that the prisoner did offer a witness to prove that inducements to confess had been held out to him by *Stewart*, the witness for the state, but it does not appear that the witness produced by the prisoner on this occasion was the same person stated in the affidavit to be absent on account of illness, and we cannot presume that such was the case.

*Per Curiam.*—The judgment is reversed. Cause remanded for a new trial.

*C. Dewey*, for the plaintiff.

*D. Wallace*, for the state.